Robert C. WATSON, Commissioner of Patents, Appellant,

v.

MEAD JOHNSON & COMPANY, Appellee.

No. 13975.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 16, 1957.

Decided March 27, 1958.

Bazelon, Circuit Judge, dissented.

Mr. Joseph Schimmel, Atty. U. S. Pat. Off., with whom Mr. Clarence W. Moore, Solicitor, U. S. Pat. Off., was on the brief, for appellant.

Mrs. Bertha L. MacGregor, Englewood, Colo., of the bar of the Supreme Court of Illinois and Colorado, pro hac vice, by special leave of Court, with whom Mr. Ralph H. Hudson, Washington, D. C., was on the brief, for appellee.

Before WILBUR K. MILLER, BAZELON and BURGER, Circuit Judges.

PER CURIAM.

Appellee Mead Johnson & Company sought to register its trademark for an edible (or potable) liquid substance called "Fer-in-Sol", which is used as a dietary supplement. The Patent Office classifies commercial goods, for trademark registration purposes, into some 52 categories or classes (adhesives, fertilizers, vehicles, clothing, etc.). Appellee sought registration for "Fer-in-Sol" in two of these classes, viz., Class 18, Medicines and Pharmaceutical Preparations, and Class 46, Foods and Ingredients of Foods. The Patent Office registered the name in the Medicines and Pharmaceutical Preparations class, but refused to register it in the Foods and Ingredients of Foods class, for the reason that the Patent Office follows the practice of allowing registration in one class only and for the reason that it found "Fer-in-Sol" was not a food. The trial court in a 35 U.S.C. § 145 proceeding, held that a trade-mark may be registered in as many categories as the product's uses warrant, finding as a fact that the product was reasonably classifiable as a food as well as a pharmaceutical product. We need not decide whether this right is limited, as the trial court suggests, only by the variety of uses. On the record here presented we hold that where a product is in fact a food and a pharmaceutical preparation it may be registered in both classes.

Affirmed.

BAZELON, Circuit Judge (dissenting).

The Commissioner of Patents says that "While the authority exists for the issuance of a single certificate for one mark properly registered in a plurality of classes, that is, where the goods are different, that authority does not mean that plural registrations are properly is-

suable for the same goods merely because the goods are described as having different purposes or uses." I think this construction of the applicable statutory provisions [1] is plainly permissible. I would therefore reverse the judgment of the District Court.

1. Sections 1 and 30 of the Trademark Act of 1945, 15 U.S.C.A. §§ 1051 and 1112.